UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gregory Vizachero,

    Plaintiff,

v.                                                                          Case No. 12-13985

Joshua McAlees, *et al.*,                                  Honorable Sean F. Cox

    Defendants.

_____/

# OPINION & ORDER

    Plaintiff Gregory Vizachero ("Plaintiff") executed Promissory Notes under which he loaned money to Defendant Capex Properties, LLC ("Capex"), which apparently invested in real estate in Florida. While Capex paid Plaintiff the money owed under the first Promissory Note executed, it is undisputed that Capex failed to pay Plaintiff the amounts owed under two additional Promissory Notes. Thereafter, Plaintiff filed this action against both Capex and one of its members, Joshua McAlees ("McAlees"). Plaintiff asserts breach of contract, fraudulent misrepresentation, and civil theft claims against both Capex and McAlees.

    The matter is currently before the Court on three motions: 1) Plaintiff's Motion for Partial Summary Judgment, wherein Plaintiff seeks summary judgment on his breach of contract claim as to both Capex and McAlees; 2) Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses, wherein Defendants' current counsel wishes to file an amended pleading to clarify some mistakes made in the original Answer filed by Defendants' first attorney; and 3) Defendants' Motion to Dismiss or, in the Alternative Transfer, wherein Defendants ask the Court

to either dismiss the case due to improper venue or transfer it to Florida under 28 U.S.C. § 1404(a). The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions will be decided upon the briefs.

For the reasons explained below, the Court shall: 1) DENY Plaintiff's Motion for Partial Summary Judgment because Plaintiff's breach of contract claims against both Defendants appear time-barred; 2) GRANT Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses because the original Answer and Affirmative Defenses, although flawed, put Plaintiff on notice that Defendants' position is that McAlees is not a party to the Promissory Notes and cannot be held liable, and any prejudice to Plaintiff can be cured by extending discovery; and 3) DENY Defendants' Motion to Dismiss or Transfer because venue is proper in this district and because to transfer this action under 28 U.S.C. § 1404(a), especially at this stage of the case, would really just shift the inconvenience from one party to another.

**BACKGROUND**

Plaintiff filed this action against Defendants McAlees and Capex on September 10, 2012. Plaintiff's Complaint asserts the following claims: "Breach of Contract" (Count I); "Fraudulent Misrepresentation" (Against McAlees) (Count II); and "Civil Theft" (brought under "Chapter 772 of Florida Civil Remedies for Criminal Practices)" (Count III).

Count I, Plaintiff's breach of contract claim, is asserted against both Capex and McAlees. It is based upon three Promissory Notes, which are attached to Plaintiff's Complaint. Plaintiff alleges that the Promissory Notes were contracts that he entered into with Capex and McAlees.

2

(*See* Compl. at ¶¶ 43-44). Plaintiff acknowledges that Capex paid him in full as to Promissory Note #1. He alleges that although he performed all conditions precedent under the other two Promissory Notes, Defendants have failed to tender payments on those notes as they became due. Plaintiff claims he is owed a total of $200,000.00 as to Promissory Notes #2 and #3, and he seeks a judgment against both Capex and McAlees.

Promissory Note #2 (Exhibit B to Pl.'s Compl.) is titled "Promissory Note" and identifies "CAPEX Properties, LLC" as the "Borrower" who agreed to pay 25% interest per year on a principal amount of $100,000 received from Plaintiff. This Promissory Note is dated March 6, 2006, and states that "Borrower will pay the amount of Principal and Interest on or before March 6th, 2007." It provides that "[t]his Note shall be governed, construed and interpreted by, through and under the Laws of the State of Florida." (*Id*. at 2). It also provides for an award of attorney fees if the Borrower has to seek collection. Promissory Note #2 was signed by Plaintiff and by McAlees.

Promissory Note #3 (Exhibit C to Pl.'s Compl.) is titled "Promissory Note" and identifies "CAPEX Properties, LLC" as the "Borrower" who agreed to pay 25% interest per year on a principal amount of $100,000 received from Plaintiff. This Promissory Note is dated May 31, 2006, 2006, and states that "Borrower will pay the amount of Principal and Interest on or before May 31st, 2007." It provides that "[t]his Note shall be governed, construed and interpreted by, through and under the Laws of the State of Florida." *(Id*. at 2). It also provides for an award of attorney fees if the Borrower has to seek collection. Promissory Note #2 was signed by Plaintiff and by McAlees.

Defendants were originally represented in this action by attorney Blaise Repasky, who

3

filed an Answer and Affirmative Defenses on October 4, 2012. (Docket Entry No. 6). The Answer and Affirmative Defenses filed, however, contains some conflicting assertions.

Defendants assert, as an affirmative defense, that "Defendant McAlees is not a real party in interest as the financial transactions of which Plaintiff complains were solely between him and Defendant Capex Properties, LLC." (Docket Entry No. 6 at 7). And other paragraphs of the Answer also appear consistent with Defendants' assertion that McAlees was not a party to the Promissory Notes at issue:

| Allegations in Plaintiff's Complaint: | Defendants' Original Answer to Same: |
|---|---|
| 43. The Promissory Notes between Plaintiff, on the one hand, and CAPEX and MCALEES, on the other, constitute valid, binding and enforceable contracts. | 43. In answer to Paragraph 43, the allegation is denied as untrue as to Defendant McAlees. |
| 44. Pursuant to the terms of the Promissory Notes, Plaintiff loaned Defendants the sum of $200,000.00 plus interest accruing at 2.08% per month, 25% per annum. | 44. In answer to Paragraph 44, the allegation is denied as untrue as to Defendant McAlees. |
| 46. Defendants have failed to, among other things, tender payment under the Promissory Notes as they became due. | 46. In answer to Paragraph 44, the allegation is denied as untrue as to Defendant McAlees. |
| 47. Defendants' failure to tender payment as it became due under the Promissory Notes constitutes a breach of contract, and the entire balance under the Promissory Notes, plus interest, costs and attorneys' fees is due and payable to Plaintiff. | 47. In answer to Paragraph 44, the allegation is denied as untrue as to Defendant McAlees. |
| 29. Although the Promissory Notes identify CAPEX as the "borrower," MCALEES did not sign the Promissory Notes on behalf of CAPEX, but rather signed the Promissory Notes, as well as Promissory Note #1, in his individual capacity (See Exhibits A-C). | 29. In answer to Paragraph 20, the allegation is denied as untrue. |

Nevertheless, some of the paragraphs in Defendants' Answer could be construed otherwise:

| Allegations in Plaintiff's Complaint: | Defendants' Original Answer to Same: |
|---|---|
| 21. Based on these representations of MCALEES, on March 6, 2006, [Plaintiff] entered into another Promissory Note with CAPEX dated March 6, 2006 ("Promissory Note #2"), wherein [Plaintiff] loaned CAPEX and MCALEES the sum of $100,000.00. A copy of Promissory Note #2 is attached as Exhibit B. | 21. In answer to Paragraph 21, the allegation is admitted. |
| 24. On May 31, 2006, approximately two and [sic] half months after entering into Promissory Note #2 and under the persuasion of MCALEES, [Plaintiff] entered into a third Promissory Note dated May 31, 2005, with CAPEX and MCALEES for the sum of $100,000.00 ("Promissory Note #3"). A copy of Promissory Note #3 is attached as Exhibit C. | 22. In answer to Paragraph 24, the allegations are admitted, except the portion concerning persuasion, which is denied as untrue. |

Under the initial Scheduling Order, discovery was to close on March 28, 2013.

On February 14, 2013, Plaintiff filed a "Motion for Partial Judgment Pursuant To Fed. R. Civ. P. 12© and 56," asking the Court to enter judgment for Plaintiff as to Plaintiff's Breach of Contract claim (Count I), based in large part on Defendants' Answer and Affirmative Defenses.

On February 27, 2013, Defense Counsel sought to withdraw from the case. On March 14, 2013, the Court issued a Stipulated Order for substitution of counsel and extending all dates for not less than sixty days.

Thereafter, Defendants' current counsel entered the case and the Court extended the discovery cutoff until May 27, 2013, extended the deadline for filing motions until June 28, 2013, and put this case on the Court's November/December 2013 Trailing Trial Docket. (*See* 3/14/13 Docket Entry No.).

5

On April 4, 2013, Defendants, acting through their current counsel, filed a Motion for Leave to Amend their Answer and Affirmative Defenses. (Docket Entry No. 21).

On April 16, 2013, Defendants filed a Motion to Dismiss, or in the Alternative Transfer Venue. (Docket Entry No. 22). In this motion, Defendants assert that venue does not lie in this Court and ask, alternatively, that the Court transfer this case to Florida under 28 U.S.C. § 1404(a).

## ANALYSIS

**I.  Plaintiff's Motion for Partial Summary Judgment And Defendants' Motion for Leave to Amend Answer and Affirmative Defenses**

Plaintiff's Motion for Partial Summary Judgment asks this Court to enter summary judgment on behalf of Plaintiff as to his Breach of Contract Claim (Count I) as to both Capex and McAlees. He seeks an award of $200,000.00 on the Breach of Contract claim, along with an award of attorney fees and costs.

In response to this motion, Defendants filed: 1) a response brief opposing Plaintiff's Motion for Partial Summary Judgment; and 2) a Motion for Leave to Amend Answer and Affirmative Defenses.

**A.  Capex**

As to Capex, Plaintiff asks the Court to enter summary judgment in his favor as to this count because Capex has admitted to entering into the two Promissory Notes at issue, and has admitted that it breached them by not remitting payment. Plaintiff contends that there is no genuine issue of material fact as to this Count against Capex and that he is entitled to judgment as a matter of law.

In opposing Plaintiff's motion, Defendants assert that Plaintiff's Breach of Contract claim is barred by Florida's statute of limitations. Plaintiff did not file a reply brief addressing this issue.

Because the argument appears to have merit, the Court shall DENY Plaintiff's Motion for Partial Summary Judgment.

The two Promissory Notes at issue expressly provide that they are governed by Florida law and Plaintiff acknowledges that the Promissory Notes are governed by Florida law. (*See* Pl.'s Br. at 8, stating "All three Promissory Notes in this case are governed by Florida law."). "Florida's statute of limitations for breach of contract (for contracts in writing) is five years. Fla. Stat. § 95.11(2)." *Chau Kieu Nguyen v. JP Morgan Chase Bank, NA*, 709 F.3d 1342, 1345 (11th Cir. 2013). Under Florida law, a cause of action accrues when the last element constituting the cause of action occurs. *Langley Ltd. P'shp, LLP v. School Bd. of Lake Cty., Florida*, __ So.3d __, 2013 WL 1482270 (Fla. App. 5 Dist. 2013) (citing *Hearndon v. Graham*, 767 So.2d 1179 (Fla. 2000) and Fla. Stat. § 95.031).

Promissory Note #2 clearly and unambiguously required the borrower to pay the principal and interest to Plaintiff "on or before March 6th, 2007" and Promissory Note #3 clearly and unambiguously required the borrower to pay the principal and interest to Plaintiff "on or before May 31st, 2007." It is undisputed that Plaintiff was not paid under either of the Promissory Notes. Thus, the breach as to Promissory Note #1 occurred on March 6, 2007, and the breach as to Promissory Note #2 occurred on May 31, 2007. Those breaches were the last element required for Plaintiff to bring his breach of contract claims against the borrower. *Langley*, *supra,* at *3. But Plaintiff did not file suit against Defendants until September 10, 2012 – more than five years

after the breaches. Thus, it appears that Plaintiff's Breach of Contract claim was filed past the five year limitations period under Florida law.

Accordingly, this Court shall deny Plaintiff's Motion for Partial Summary Judgment as to both Capex and McAlees.

### B. McAlees

As to Defendant McAlees, Plaintiff asserts that he is entitled to judgment on his Breach of Contract claim because McAlees has admitted to receiving loans and/or entering into the Promissory Notes, has failed to make payment on the notes, and has signed the notes in a way that establishes McAlees's personal liability.

In support of his request, Plaintiff first directs the Court to paragraphs 21 and 24 of Defendants' Answer. Plaintiff asserts that "[b]ecause McAlees admitted in his Answer that he received a loan under The Second Note, and he entered into the Third Note, McAlees has admitted to being indebted to Plaintiff Vizachero on both notes, and should be bound by his admissions to this Court." (Pl.'s Br. at 8).

Additionally or alternatively, Plaintiff also asserts that McAlees should be found personally liable on the Promissory Notes at issue because "he signed them in his individual capacity." (Pl.'s Br. at 8). Plaintiff argues:

> Under Florida's [UCC], an individual is personally liable on a note to any person (other than a holder in due course without notice) if "the form of the [individual]s signature does not show unambiguously that the signature is made in a representative capacity. Fla. Stats. § 673.4021(2)(a)-(b) (1992) (Emphasis added). In the present case, McAlees's signature did not show "unambiguously" that he signed on behalf of Capex. Instead McAlees signed The First Note, The Second Note, and The Third Note by printing and signing only his name; he did not write any official titles, or make any indications that he was signing as an officer or

8

>representative of Capex.  McAlees even stated in his January 12, 2013 email to Vizachero that "I promise that no matter what it takes you will get your money back."  Thus, McAlees should be personally liable on The Second Note and The Third Note.

(Pl.'s Br. at 8-9).

In response, Defendants filed their motion seeking to amend their Answer and Affirmative Defenses and they also filed a brief opposing Plaintiff's motion.  In opposing Plaintiff's motion, Defendants asserted the statute of limitations defense to the Breach of Contract claim, which is discussed above.

In addition, Defendants' response asserts that McAlees did not borrow any funds from Plaintiff and is not otherwise obligated to repay the Promissory Notes.  Defendants contend that the Promissory Notes clearly and unambiguously identify the "Borrower" as Capex and that the signature line that McAlees signed was for the "Borrower" and there was no signature for McAlees personally.  They further assert that even if this Court were to find that the form of the signatures on the Promissory Notes do not show unambiguously that McAlees signed them on behalf of Capex, Plaintiff would still not be entitled to summary judgment.

The Court agrees.  There is no need to further analyze the Florida statutes that are cited by the parties because, best case scenario for Plaintiff, there would be a question of fact.  And, as set forth above, the Breach of Contract claim appears to have been filed past the applicable limitations period.

Defendants also filed a motion seeking to amend their Answer and Affirmative Defenses. In sum, Defendants argue that their previous counsel made a few clerical errors in answering the complaint but that, in any event, it is clear from other statements in the Answer and Affirmative

9

Defenses that Defendants have asserted that McAlees is not a party to the Promissory Notes.[1]

Plaintiff opposes the motion, asserting that the Court should deny the motion because: 1) allowing Defendants to amend their Answer would prejudice Plaintiff in that Plaintiff has already filed a summary judgment motion based on the Answer, and discovery will soon close (and now it actually has closed under the current Scheduling Order); and 2) Defendant should not be allowed to amend in order to revoke an admission.

The Court shall GRANT Defendants' Motion and allow them to file their proposed Amended Answer and Affirmative Defenses. As Plaintiff acknowledges, the decision whether to grant a motion to amend is within the sound discretion of the Court. Here, Defendants' original attorney filed an Answer that included a few paragraphs that while somewhat ambiguous, could be construed as Defendants indicating that Plaintiff loaned money to both Capex and McAlees. But that Answer also contained other paragraphs, and an Affirmative Defense, that put Plaintiff on notice of Defendants' position that McAlees is not a party to the Promissory Notes at issue and cannot be held personally liable. And very soon after Defendants obtained their new counsel, Defendants' new attorneys filed their motion seeking leave to amend the Answer and Affirmative Defenses. Any prejudice to Plaintiff can be cured by extending discovery once more.

## II.     Defendants' Motion to Dismiss or, in the Alternative, to Transfer

Plaintiff filed this action on September 12, 2013. On April 16, 2013 – seven months after this case was filed – Defendants filed this motion asking this Court to either: 1) dismiss this

---

[1] Defendants also ask the Court to award them the costs and attorney fees they incurred in filing this motion. That request is denied.

action for improper venue; or 2) transfer this action to Florida under 28 U.S.C. § 1404(a).

### A. Should The Court Dismiss This Action Because Venue Is Improper Under 28 U.S.C. § 1391?

In their motion, Defendants first ask the Court to dismiss this action because venue is improper in the Eastern District of Michigan. They ask the Court to dismiss the case for improper venue under Fed. R. Civ. P. 12(b)(3). They claim that "*the* substantial" portion of events giving rise to Plaintiff's claims occurred in Florida. (*See* Pl.'s Motion at ¶ 4) (emphasis added).

In response, Plaintiff makes two arguments. First, he asserts that Defendants waived any improper venue defense by failing to file a timely motion to dismiss on that ground. Second, Defendants assert that, in any event, the motion should be denied because a substantial part of the events giving rise to the claims occurred in Michigan.

Assuming *arguendo* that motion was timely filed, the Court shall DENY Defendants' motion to dismiss because venue is proper in this district.

"Although there is a split of authority on the question of who bears the burden of proof when a question of venue is controverted" (*see* 1A Fed. Proc. § 1:765 *Pleading and Objecting to Venue, Burden of Proof*), several district court decisions within the Sixth Circuit, including some issued in the Eastern District of Michigan, have held that the defendant bears the burden of proving that venue is improper. *See, e.g. Sygnetics, Inc. v. Hops Int'l, Inc.*, 2013 WL 1395806 (E.D. 2013); *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F.Supp.2d 943, 945 (E.D. Mich. 2003); *IFL Group, Inc. v. World Wide Flight Svs, Inc.*, 306 F.Supp.2d 709, 711 (E.D. Mich. 2004); *New Hampshire Ins. Co. v. Suhar,* 2008 WL 4837504 (N.D. Ohio 2008); but *c.f. Audi AG &*

*Volkswagen of America v. Izumi*, 204 F.Supp.2d 1014, 1017 (E.D. Mich. J. Woods 2002) (stating Plaintiff bears the burden of proving venue is improper).

On a motion to dismiss for improper venue, the Court may examine facts outside of the complaint, but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. *Audi AG & Volkswagen of America v. Izumi*, 204 F.Supp.2d at 1017; *Sygnetics, Inc. v. Hops Int'l, Inc.*, *supra*, at *1.

In a diversity cases such as this, venue must be proper under 28 U.S.C. § 1391(a), which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in:
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Here, the only relevant provision is § 1391(a)(2) and thus the issue is whether a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Michigan.

The United States Court of Appeals for the Sixth Circuit has interpreted § 1391(a)(2) to mean that a plaintiff "may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arise; this includes any forum with a substantial connection to the plaintiff's claim." *First Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). It is possible for venue to exist in more than one forum and the applicable standard does not

12

require that a majority of the acts or omissions giving rise to a plaintiff's claims occur in the venue chosen by the plaintiff. *Sygnetics, Inc., supra*, at *2. It is sufficient that a substantial part of the events occurred in the challenged venue, even if a greater part of the events occurred elsewhere. *Id.*

Plaintiff's claims include breach of contract and fraud. Plaintiff's complaint alleges that he was approached by two non-parties, Gary McQuiston and Robert Durkee, in Michigan regarding investing with Capex. (Compl. at ¶ 12). Plaintiff's Complaint alleges that McAlees "had numerous email exchanges, telephone calls and two meetings with [him] that resulted in the execution of the promissory notes at issue in this case." (Compl. at ¶ 7). Plaintiff further alleges that Capex "entered into the promissory notes at issue in this case with [him] in Michigan." (Compl. at ¶ 8). More specifically, the Complaint alleges that after Plaintiff "expressed some interest to McQuiston about loaning CAPEX and MCALEES money, [Plaintiff] was thereafter contacted by MCALEES, through several email exchanges and telephone calls, in order to induce [Plaintiff] to lend to CAPEX." (Compl. at ¶ 13). The Complaint further alleges that, "as further inducement," McAlees "came to Michigan and spoke to [Plaintiff] and several other individuals about becoming lenders to CAPEX. As he has done through his emails and telephone calls to [Plaintiff], MCALEES during these meetings made several representations to [Plaintiff] (and others) about the financial solvency of CAPEX and the guaranteed return [Palintiff would receive on his loan." (Compl. at ¶ 14). Plaintiff also alleges that while McAlees may have signed the Promissory Notes at issue in Florida, Plaintiff signed them in Michigan. Plaintiff further asserts that the money loaned under each of the Promissory Notes at issue was paid by Plaintiff from his accounts in Michigan and was given to McQuiston in Michigan, who then forwarded the money

13

to McAlees. (Pl.'s Br. at 6). Plaintiff also asserts that he suffered the effects of the breach in Michigan.

Defendants' Reply Brief asserts that Plaintiff cannot substantiate his claim that McAlees traveled to Michigan to solicit investment from Plaintiff in Capex. Even if that is true, however, the Court finds that there is enough of a connection with Michigan to support venue in this district. Plaintiff is a Michigan resident. Plaintiff alleges that, while in Michigan, he was approached about investing in Capex and that he had telephone and email communication with McAlees. Plaintiff signed the Promissory Notes in Michigan. Plaintiff paid the money loaned under the Promissory Notes from his bank account in Michigan, transmitted to Capex via other Michigan residents, and Plaintiff felt the effects of the breaches in Michigan. Venue is proper in this district.

## B. Should This Court Transfer This Action To Florida, Pursuant To U.S.C. § 1406?

Even if venue is proper, however, a district court can transfer venue "[f]or the convenience of parties and witnesses [and] in the interest of justice" under 28 U.S.C. § 1404(a).

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Section § 1404(a) gives district courts the discretion to transfer cases on an individual basis by considering convenience and fairness. *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002). In deciding a motion to transfer venue, the Court must determine whether the action could have been brought in the proposed transferee district, whether a transfer would promote the interests of justice, and whether a transfer would serve the

parties' and witnesses' convenience. *United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 806 (E.D. Mich. 2000); *Perceptron, Inc. v. Silicon Video, Inc.,* 423 F.Supp.2d 722, 728-29 (E.D. Mich. 2006). Factors to be considered include: (1) the convenience of the parties and witnesses; (2) the location of documents and the relative ease of access to sources of proof; (3) the locus of the operative facts; (4) availability of process to compel attendance of witnesses; (5) cost of obtaining witnesses; (6) the forum's familiarity with the governing law; (7) the weight accorded the plaintiff's choice of forum; (8) trial efficiency; and (9) the interests of justice. *Id.*

Generally, a plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing. The moving party carries the burden "of demonstrating that, in light of these factors, 'fairness and practicality strongly favor the forum to which transfer is sought.'" *IFL Group v. World Wide Flight Services*, 306 F. Supp. 2d 709, 712 (E.D. Mich. 2006) (citing *Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 935 (E.D. Mich. 2001)).

"A transfer is not appropriate if the result is simply to shift the inconvenience from one party to another." *Audi AG and Volkswagon of America v. D'Amato*, 341 F.Supp.2d 734, 751 (E.D. Mich. 2004); *see also Just Intellectuals, PLLC v. Clorox Co.*, 2010 WL 5129014 (E.D. Mich. 2010).

There is no dispute that this action could have been brought in the proposed transferee district in Florida. Thus, the Court shall consider the above factors.

It is undisputed that Plaintiff's claims are governed by Florida law. This one factor does weigh in favor of transfer. But, as explained below, most factors are either neutral or weigh against transfer.

"Regarding the parties' convenience, courts grant substantial deference to a plaintiff's

15

chosen form, especially where, as here, the plaintiff lives in his chosen forum." *Thomas*, 131 F.Supp.2d at 937. The weight accorded a plaintiff's choice of forum is also an enumerated factor for consideration. This jurisdiction is Plaintiff's chosen forum and that consideration weighs against transfer.

Convenience of witnesses is "one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)." *Audi AG and Volkswagon of America v. D'Amato*, 341 F.Supp.2d at 750. In weighing the convenience of witnesses, however, "more important than the raw number of witnesses living in a particular jurisdiction is the residence of the key witnesses." *Id*. "One chief witness's convenience, in fact, may outweigh the convenience of other, less significant witnesses." *Id.*

Here, Defendants' motion notes that Plaintiff, McQuiston, and Durkee all reside in Florida. Defendant Capex is based in Florida and that is where McAlees resides. Defendants' motion lists multiple people who reside in Florida, and claims that they are witnesses. But as Plaintiff notes in his brief opposing transfer, most of those identified are architects, project managers, engineers, general contractors, etc. with knowledge of Capex's real estate and construction projects. Plaintiff argues that those witnesses "have absolutely no relevance to any of the claims in the Complaint. Vizachero was not an investor in any of Capex's real estate or construction projects. This lawsuit is simply based on Defendant's failure to repay Vizachero monies he had loaned to them under two Promissory Notes." (Pl.'s Br. at 8).

Plaintiff contends that the number of key witnesses from Michigan and Florida is roughly equal. The Court agrees. This factor does not weigh in favor of transfer. "A transfer is not appropriate if the result is simply to shift the inconvenience from one party to another." *Audi AG*

16

and *Volkswagon of America v. D'Amato*, 341 F.Supp.2d 734, 751 (E.D. Mich. 2004); *see also Just Intellectuals, PLLC v. Clorox Co.*, 2010 WL 5129014 (E.D. Mich. 2010).

Consideration of the location of documents and ease of access to sources of proof also does not weigh in favor of transfer. While Defendants' documents and records are in Florida, Plaintiff's documents and records are in Michigan. And the events that form the basis for Plaintiff's claims occurred in both Michigan and Florida.

Finally, the Court concludes that trial efficiency and the interests of justice weight against transfer. This case was filed in this district on September 10, 2012. Discovery has been proceeding in this case since that time and at least some depositions have already been taken. The parties are currently on their second Scheduling Order and there will soon be a third one entered. Defendants waited until April 16, 2013, to seek dismissal, or transfer, based on venue. To transfer this case now would further delay a resolution of this action.

Accordingly, the Court shall DENY Defendants' request to transfer this action pursuant to § 1404(a).

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses is GRANTED and Defendants' shall file their Amended Answer and Affirmative Defenses by **July 8, 2013.**

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss or Transfer is DENIED.

IT IS FURTHER ORDERED that the parties shall appear for a Scheduling Conference, as previously scheduled, at **June 27, 2013, at 3:00 p.m.**

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 27, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 27, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager
