UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gregory Vizachero,

    Plaintiff,

v.                                     Case No.  12-13985

Joshua McAlees, *et al.*,            Honorable Sean F. Cox

    Defendants.
_____/

### ORDER DENYING
### DEFENDANT'S MOTION FOR RECONSIDERATION (DOCKET ENTRY NO. 43) AND PLAINTIFF'S MOTION FOR RECONSIDERATION (DOCKET ENTRY NO. 44)

Plaintiff Gregory Vizachero ("Plaintiff") executed Promissory Notes under which he loaned money to Defendant Capex Properties, LLC ("Capex"), which apparently invested in real estate in Florida.  While Capex paid Plaintiff the money owed under the first Promissory Note executed, it is undisputed that Capex failed to pay Plaintiff the amounts owed under two additional Promissory Notes.  Thereafter, Plaintiff filed this action against both Capex and one of its members, Joshua McAlees ("McAlees").  Plaintiff asserts breach of contract, fraudulent misrepresentation, and civil theft claims against both Capex and McAlees.

The matter came before the Court on three motions: 1) Plaintiff's Motion for Partial Summary Judgment, wherein Plaintiff sought summary judgment on his breach of contract claim as to both Capex and McAlees; 2) Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses; and 3) Defendants' Motion to Dismiss or, in the Alternative Transfer, wherein Defendants asked the Court to either dismiss the case due to improper venue or transfer it to Florida under 28 U.S.C. § 1404(a).

1

In an Opinion & Order issued on June 27, 2013 (Docket Entry No. 34), this Court: 1) denied Plaintiff's Motion for Partial Summary Judgment because Plaintiff's breach of contract claims against both Defendants appear time-barred, based on arguments presented by Defendants; 2) granted Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses; and 3) denied Defendants' Motion to Dismiss or Transfer because venue is proper in this district and because to transfer this action under 28 U.S.C. § 1404(a), especially at this stage of the case, would really just shift the inconvenience from one party to another.

Thereafter, on June 28, 2013, after holding a scheduling conference with the parties, this Court issued the 3rd Scheduling Order in this matter (Docket Entry No. 37).  That order provides, among other things, that discovery is to close on September 27, 2013, and that motions are to be filed by October 28, 2013.

On July 10, 2013, Defendants filed a "Motion for Reconsideration of the Denial of Defendants' Motion to Dismiss and/or Transfer" (Docket Entry No. 43).  In addition, on July 11, 2013, Plaintiff filed a "Motion for Partial Reconsideration of the Court's June 27, 2013 Order." (Docket Entry No. 44).

The same standard applies to both of these motions.  Local Rule 7.1 of the Local Rules of the Eastern District of Michigan governs motions for reconsideration and provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan, Local Criminal Rule 7.1(h)(3).  A motion for

reconsideration"is not properly used as a vehicle to" "advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Schools,* 298 F.Supp.2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998)); *see also, Scottsdale Insur. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir. 2008); *Hamilton v. Gansheimer*, 536 F.Supp.2d 825, 842 (N.D. Ohio 2008) ("Courts should not reconsider prior decision where the motion for reconsideration either renews arguments already considered or proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue").

**A.     Defendants' Motion For Reconsideration**

In this motion, Defendants ask the Court to reconsider "that portion of its June 27, 2013 Opinion and Order (Docket #34) which denied Defendants' Motion to Dismiss and/or Transfer venue because, at the time that the Court issued its ruling, it did not have the opportunity to review Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories and Second Requests for Production of Documents to Plaintiff, which were served after briefing on Defendants' Motion to Dismiss had closed." (Defs.' Br. at 1).  Defendants contend that certain of Plaintiff's discovery responses contradict allegations in Plaintiff's complaint or statements made in Plaintiff's response brief.  Specifically, they assert that Plaintiff's allegations that McAlees traveled to Michigan to entice him to loan money to Capex are untrue and that Plaintiff was aware that the loans at issue were made to provide Capex with capital so that it could fund real estate projects.  Even if this Court has the discovery responses at issue when it decided the motion, however, those responses would not change the Court's conclusion that venue is proper in this district.  (*See* 6/27/13 Opinion & Order at 14).

Accordingly, IT IS ORDERED that Defendants' Motion for Reconsideration is DENIED.

**B.    Plaintiff's Motion For Reconsideration**

In his Motion seeking partial summary judgment, Plaintiff asked the Court to grant summary judgment in his favor as to his breach of contract claim, against both Capex and McAlees.  In response to Plaintiff's motion, Defendants asserted that Plaintiff's breach of contract claims are barred by Florida's statute of limitations.  Plaintiff, however, elected not to file a reply brief addressing that issue.  (*See* Pl.'s Br. at 1, stating "Plaintiff did not file the optional reply brief electing, instead, to reply to Defendants' arguments in their response brief at oral argument.").  In denying Plaintiff's request for summary judgment, this Court noted that Plaintiff failed to file a reply brief addressing this issue and stated that because Defendants' statute of limitations argument "appears to have merit, the Court shall DENY Plaintiff's Motion for Partial Summary Judgment."  (6/27/13 Opinion & Order at 7).  Thus, the Court did not make a conclusive ruling as to the issue but rather, based on the record before it, denied Plaintiff's request for summary judgment as to the breach of contract count.

In his Motion for Reconsideration, Plaintiff now argues, for the first time, that Michigan law should be applied to his breach of contract claim for statute of limitations purposes.  Plaintiff asks the Court reconsider its ruling and grant summary judgment in his favor against Capex as to the summary judgment claim.

The Court shall deny Plaintiff's motion for reconsideration.  Plaintiff could have, but chose not to, address the issue at hand in his reply brief.  It would be unfair to allow Plaintiff to address the issue for the first time in a motion for reconsideration, thereby impeding Defendants' ability to further address the issue.

Nevertheless, given that this Court has issued a 3rd Scheduling Order in this matter, with an extended time period for discovery and the filing of motions, the Court concludes that Plaintiff should be able to file another motion seeking summary judgment as to his breach of contract claims if he chooses to do so. The Court therefore shall modify its June 27, 2013 Opinion & Order only to the extent that it shall be deemed to deny Plaintiff's motion without prejudice.

Accordingly, IT IS ORDERED that Plaintiff's prior Motion for Partial Summary Judgment was denied WITHOUT PREJUDICE. IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration is DENIED IN ALL OTHER RESPECTS.

IT IS SO ORDERED.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: July 24, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 24, 2013, by electronic and/or ordinary mail.

        S/Jennifer McCoy
        Case Manager